PHILIP HILTON

v.

JOSEPH HILTON.

[Decided October 18th, 1918.]

1. In proceedings for contempt counsel fees may be allowed as part of the costs, and imposed upon a respondent found guilty by virtue of *1 Comp. Stat. p. 445 § 91; P. L. 1910 p. 427.*

2. *O'Rourke* v. *Cleveland, 49 N. J. Eq. 577,* distinguished.

On bill, &c. On proceedings for contempt.

*Messrs. Pitney, Hardin & Skinner (Mr. Stanley* and *Mr. Skinner)*, for the complainant.

*Mr. Selick J. Mindes* and *Mr. Robert II. McCarter,* for the defendant.

LANE, V. C.

Upon proceedings instituted by complainant respondent was adjudged guilty of a contempt for his failure to obey an injunction requiring him to desist from using the name "Hilton's," &c.,

in such manner as to deceive the public and injure the business of complainant.

Upon respondent making substantial changes in his method of conducting business the court concluded not to impose any punishment other than to compel him to pay costs.

Application is now made to include in the costs an allowance for counsel fees. In *O'Rourke* v. *Cleveland, 49 N. J. Eq. 577,* the court of errors and appeals held that this court could not impose a counsel fee upon a party held in contempt as a punishment. It rested its determination upon the absence in this state of legislative authority to award counsel fees in such cases indicating that the power to award a counsel fee is purely statutory. Subsequent to the determination of that case (1892), section 91 of an act concerning the court of chancery (*1 Comp. Stat. p. 445*) was amended to read as follows:

"In any cause, matter or proceeding in the court of chancery the chancellor may make such allowances by way of counsel fee to the party or parties obtaining the order or decree as shall seem to him to be reasonable and proper, and shall direct which of the parties shall pay such allowances." *P. L. 1910 p. 427.*

Considering this legislation as contrasted with the legislation as it previously existed, it seems to me to be clear that the clear intent was to vest the chancellor with jurisdiction to allow counsel fees in every proceeding of every kind and description that might be brought in the court of chancery. *In the Matter of Frankish, 86 N. J. Eq. 280,* the present chancellor held that the act applied to proceedings in lunacy. The court of errors and appeals, in the *O'Rourke Case,* expressly determined that the award of costs, at the discretion of the court, is the settled practice in courts of equity in contempt proceedings, and I can see no reason why there may not be included in the costs, by virtue of section 91, a reasonable counsel fee. The statute with respect to the allowance of costs in existence at the time of the determination in the *O'Rourke Case* was, as indicated in the opinion of the court of errors and appeals, essentially different from the statute as it now exists.

In the instant case the proceedings to punish for contempt were not only to vindicate the dignity of the court, but also to secure the private rights of the complainant.

I conclude, therefore, that counsel fees may be allowed against a respondent adjudged guilty of a contempt and included in the costs.

Whether they should be allowed or not is a matter of discretion.

I conclude in this case that they ought to be.

The method in which the respondent conducted his business had been condemned by both this court and the court of errors and appeals. For some time after service upon the respondent of the decree as modified by the court of errors and appeals he continued to conduct his business in the condemned manner. His excuse was that by reason of labor shortage, &c., he could not change his signs and labels. It was, of course, his duty to instantly comply with the order of the court, even if it necessitated closing his business. His remedy was to apply to this court for a stay of the operation of the injunctive decree. Because of the substantial change which he has now made, and the fact that he acted in a mistaken idea as to his rights, or as to his duty, I have been induced not to impose any punishment other than as above indicated, but I can see no good reason why the complainant, forced to come into this court to assert his legal rights under a decree of this court, should be obliged to bear the entire expense of the proceeding.

Counsel for complainant asks for an allowance of $300. I think the amount asked for is modest and it will be allowed.